THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00306-MR-WCM

| | |
|---|---|
| DARLA WILKS, ) ) Plaintiff, ) ) vs. ) ) ANDREW SAUL, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | O R D E R |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement [Doc. 13] and the Defendant's Motion for Summary Judgement [Doc. 15].

**I.    BACKGROUND**

On March 9, 2017, the Plaintiff, Darla Wilks ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act") and an application for supplemental security income under Title XVI of the Act, alleging in both applications an onset date of October 12, 2016. [Transcript ("T.") at 10]. The Plaintiff's claims were initially denied on June 8, 2017, and again denied upon reconsideration on August 21, 2017. [Id.]. On the Plaintiff's request, a hearing was held on April

2, 2019, before an Administrative Law Judge ("ALJ"). [Id.]. On June 20, 2019, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 7, 11].

On August 29, 2019, the Appeals Council denied the Plaintiff's request for review thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1, 5]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When reviewing a Social Security Administration disability determination, a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson, 810 F.3d at 207 (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

3

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

4

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); Mascio, 780 F.3d at 635. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five,

5

the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Mascio, 780 F.3d at 635; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV.    THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since October 12, 2016, the alleged onset date, and that the Plaintiff meets the insured status requirements through December 31, 2021. [T. at 13]. At step two, the ALJ found that the Plaintiff has the following severe impairments: "degenerative disk disease with sciatica and piriformis syndrome; fibromyalgia/chronic pain syndrome; right shoulder arthrosis and tendinosis; bilateral carpal tunnel syndrome; right wrist radial styloid tenosynovitis/De Quervains's tenosynovitis; migraine headaches; adjustment disorder; major depressive disorder; anxiety

6

disorder; and post-traumatic stress disorder." [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 14]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform only occasional climbing of ramps and stairs; and no climbing of ladders, ropes, and scaffolds. In addition, the [Plaintiff] can perform frequent balancing; occasional stooping, kneeling, crouching, and crawling; frequent but not continuous fingering bilaterally; frequent but not continuous handling with the right upper extremity; and occasional overhead reaching with the right upper extremity. The [Plaintiff] can tolerate only occasional exposure to extreme cold, wetness, and high levels of humidity; and she can tolerate occasional exposure to workplace hazards such as dangerous moving machinery and unprotected heights. The [Plaintiff] can (on a sustained basis) understand, remember, and carry out simple, repetitive instructions; use judgment in making simple work-related decisions; respond appropriately to supervision, coworkers, and usual work situations in work environments and when performing tasks requiring only occasional and superficial interaction with the public and occasional interaction with coworkers and supervisors; and can deal with changes in a routine work setting.

[Id. at 16].

At step four, the ALJ identified the Plaintiff's past relevant work as a rural carrier deliverer, server, and bartender. [Id. 22]. The ALJ determined, however, that the Plaintiff "is unable to perform any past relevant work." [Id.]. At step five the ALJ concluded, based on the testimony of the vocational

7

expert ("VE"), that based on the Plaintiff's age, education, work experience, and RFC, the Plaintiff is able to perform other jobs existing in significant numbers in the national economy, including inspector and hand packager, small parts assembler, and electronics worker. [Id. at 24-25]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Act from October 16, 2016, the alleged onset date, through June 17, 2019, the date of the decision. [Id. at 25].

## V. DISCUSSION[1]

### A. Post-Hearing Objections

One day after the hearing concluded, the Plaintiff submitted to the ALJ a Memorandum of Law and Objections to the Vocational Witness' Testimony ("post-hearing objections") in which she presented specific objections to the testimony of the VE and included "rebuttal evidence." [Doc. 14 at 4; T. at 334-36]. The Plaintiff's assignment of error states that she has a "constitutional and statutory right to have [her] objections ruled upon and rebuttal evidence discussed," [Doc. 14 at 4], even though they were not presented at the hearing. The Plaintiff argues that because the ALJ only "generally overruled" her post-hearing objections that the case must be

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

remanded because the ALJ did not fulfill his step five burden. [Id. at 7, 13-14].

The Fourth Circuit has not yet "specifically addressed whether the ALJ must rule on all post-hearing objections, but district courts within this circuit have consistently held that ALJs need not address such objections." Revere v. Berryhill, No. 3:17-cv-774-DJN, 2019 WL 99303, at *4 (E.D. Va. Jan. 3, 2019) (citations omitted); see also Looney v. Berryhill, No. 3:17-cv-450-DJN, 2018 U.S. Dis. LEXIS 135653, at *33 (E.D. Va. Aug. 9, 2018) ("The Fourth Circuit has not yet addressed this specific issue regarding the waiver of post-hearing objections."). As long as there is "substantial evidence" supporting the ALJ's step five determination, the ALJ "was not required to explain why he overruled Claimant's objections." Kelly v. Saul, No. 4:19-cv-153-RJ, 2019 WL 3544071, at *5 (E.D.N.C. Aug. 1, 2019). The Plaintiff had the opportunity to raise these objections during the hearing and did not do so, therefore, the objections are waived and not cognizable on appeal.

**B.    ORS and O*NET**

Notwithstanding the Court's determination that the Plaintiff's post-hearing objections have been waived, the Court will adress the Plaintiff's assignment of error regarding the ALJ not considering the "rebuttal" information contained in the post-hearing objections referencing information

9

from the Occupational Requirements Survey[2] ("ORS") and the Occupational Information Network ("O*NET"). [T. at 334-35]. The ORS is an occupational survey conducted by the Bureau of Labor Statistics being used to "develop[] a new Occupational Information System (OIS)," which is not yet completed.[3] O*NET is a job placement tool but which has been found by the Social Security Administration as not helpful in the "disability adjudication process" because "it does not describe the physical requirements of occupations at the level of detail needed for claims adjudication."[4] In the Plaintiff's post-hearing objections, the Plaintiff objected to the VE's testimony as it was inconsistent with the ORS and O*NET data on certain requirements for jobs in the national economy.

Under the fifth step, the ALJ must determine that, given the Plaintiff's age, education, work experience, and RFC, the plaintiff can perform work which exists in substantial numbers in the national economy. Mascio, 780 F.3d at 635. In order to determine whether there is sufficient other work in

---

[2] The Plaintiff referenced the Occupational Requirements *System*, but it appears the Plaintiff meant to reference the Occupational Requirements *Survey*.

[3] U.S. Bureau of Labor Statistics, Occupational Requirements Survey ORS: Why It Matters, bls.gov, https://www.bls.gov/ors/images/why-matters.jpg (last visited Aug. 31, 2020).

[4] Social Security Administration, Disability Research: OIS Project FAQs, SSA.gov https://www.ssa.gov/disabilityresearch/ois_project_faqs.html (last visited Aug. 31. 2020).

the national economy, the ALJ relies "primarily" on the Dictionary of Occupational Titles ("DOT") and VE testimony. Pearson, 810 F.3d at 208. The Fourth Circuit has held that in addition to the ALJ's duty to ask the VE if there are any conflicts between the VE's testimony and the DOT, the ALJ "independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 208-09.

The Plaintiff states that "[i]t is a well-known fact" that the DOT is out of date and is "no longer being relied upon." [Doc. 14 at 8]. The Plaintiff argues that because the DOT is no longer updated, the ALJ should have considered the job descriptions in ORS and O*NET referenced in her post-hearing objections in determining if there were jobs available in the national economy. [Id. at 8-11]. However, while the DOT still appears on the list of publications for which the ALJ can "take administrative notice of reliable job information;" neither the O*NET nor the ORS does. 20 C.F.R § 404.1566(d). Therefore, as DOT is explicitly mentioned as a reliable source, the ALJ committed no error in relying on it in making his determination.

District courts in the Fourth Circuit have "consistently rejected claimants' reliance on O*Net as the basis for a conflict between VE's testimony and the DOT." Wilson v. Berryhill, No. 1:17-cv-246-FWD, 2018 WL 3127467, at *4 (W.D.N.C. June 26, 2018) (collecting cases); Gaston v.

11

Berryhill, No. 1:17-cv-182-RJC, 2018 WL 3873593, at *3 (W.D.N.C. Aug. 15, 2018) (stating district courts have "repeatedly rejected claims that an ALJ must resolve any apparent conflicts between VE testimony and publications other than the DOT"). Thus, because the ALJ is not required to reference or to address potential conflicts between VE testimony and O*NET or any similar publications, and because the ALJ need not specially rule on any post-hearing objections, this Court finds no error on the part of the ALJ in not specially addressing the conflicts between the VE testimony and the Plaintiff's evidence regarding O*NET and ORS raised in the Plaintiff's post-hearing objections.

### C. Denial of a Supplemental Hearing

The Plaintiff also objects to the denial of a supplemental hearing on the basis that the Plaintiff did not have an adequate opportunity to cross-examine the VE. The Plaintiff argues that a supplemental hearing was necessary to address the alleged discrepancies between the VE's testimony and the issues raised in the post-hearing objections. [See Doc. 14 at 19-20]. The Plaintiff argues she has a right to a supplemental hearing as a matter of due process and under the Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-2-6-80.

### i. Due Process Concerns

The Plaintiff argues her "constitutional and statutory right to cross-examine witnesses, present evidence and confront evidence against her" was somehow violated by not getting an adequate opportunity to cross-examine the VE by not being afforded a supplemental hearing. [Id. at 4].

All plaintiffs have a right to procedural due process at hearings concerning disability in front of ALJs. See Perales, 402 U.S. 389 at 401-02. The due process right includes the right to cross-examine the witnesses. See Haddock v. Apfel, 196 F.3d 1084, 1090 (10th Cir. 199). As discussed above, courts in this circuit have generally concluded that the plaintiff must object to evidence or testimony during the hearing or risk waiving the issue. See Revere, No. 3:17-cv-774-DJN, 2019 WL 99303, at *4 (citing cases); Kelly, No. 4:19-cv-153-RJ, 2019 WL 3544071, at *5; See also Wilkins v. Barnhart, 69 F. App'x 775, 782 (7th Cir. 2003).

The Plaintiff argues that although she had the opportunity and did in fact cross-examine the VE, it would be "impractical and unfair" to require that the claimant "raise every issue she has with a vocational expert's testimony during the hearing itself." [Doc. 14 at 15]. However, the Plaintiff, not the VE or the ALJ brought up the issue of ORS and O*NET for the first time after the

hearing. If the Plaintiff planned on relying on ORS or O*NET information she had the opportunity to cross-examine the VE during the hearing, and should have done so. As the Plaintiff did not object to the testimony during the hearing or attempt to cross-examine the VE about this information at that time, this issue has been waived.

    ii.    <u>HALLEX</u>

HALLEX is the Agency's manual for conducting the Social Security hearings. The rule regarding supplemental hearings states that a supplemental hearing is appropriate in circumstances in which adverse testimony or documentary evidence takes the plaintiff by surprise and is evidence that the plaintiff could "not reasonably have anticipated." HALLEX, I-2-6-80. The Plaintiff states that in the disability determination hearings "it is literally impossible to anticipate what the actual content of the [VE] testimony will be" which results in all VE testimony being essentially "surprise testimony." [<u>Id.</u> at 17].

HALLEX is not binding on the Agency. <u>See</u> <u>Reep v. Berryhill</u>, No. 3:17-cv-571-MOC, 2018 WL 3747285, at *7 (W.D.N.C. Aug. 6, 2018); <u>Rogers v. Berryhill</u>, No. 5:17-cv-27, 2018 WL 1308952, at *4 (W.D.N.C. Mar. 13, 2018) ("In the Fourth Circuit, the persuasive authority among the District Courts hold that HALLEX lacks force of law."); <u>see also</u> <u>Bordes v. Comm'r of Soc.</u>

14

Case 1:19-cv-00306-MR Document 18 Filed 09/02/20 Page 14 of 17

Sec., 235 Fed. App'x 853, 859 (3rd Cir. 2007); Roberts v. Comm'r of the SSA, 644 F.3d 931, 933 (9th Cir. 2011) (stating that HALLEX is not binding on the Agency).

Furthermore, even if HALLEX were binding law, it is not clear that the ALJ failed to follow the requirements in this case. The ALJ found that there "is no indication the [VE]'s testimony was a surprise or the representative was unprepared." [T. at 24]. The Plaintiff had an opportunity to object during the hearing or to ask during the hearing for an extension in which to address the "surprise testimony" but she did not do so. See Rogers, No. 5:17-cv-27, 2018 WL 1308952, at *4 (remanding because Plaintiff requested additional time to present evidence on two occasions which the Commissioner ignored).

The Court finds Plaintiff's argument to be curious. Plaintiff argues, in substance, that all VE testimony is "surprise testimony" because a plaintiff's attorney does not know how the underlying evidence will come out and what questions the ALJ will then ask the VE. Therefore, Plaintiff implies that these ALJ hearings should be bifurcated so that a plaintiff's counsel can have an opportunity to prepare for a resumption of proceedings some days (or weeks) later when the cross examination of the VE will take place. This is not how contested hearings work at any level in our justice system, and due process

15

does not dictate such. Plaintiff's reliance on the oral arguments before the Supreme Court in Biestek v. Berryhill, 139 S.Ct. 1148 (2019), [Doc. 14 at 17], is misplaced. That argument pertained to what materials the VE would need to bring to the hearing, particularly where the VE and ALJ will be having many hearings in a single day. Neither the holding of that case nor the argument cited indicate in any way that a claimant's attorney need not be prepared to cross examine the VE at the hearing.

For these reasons, this assignment if error is overruled.

### D. Document Preparer

The Plaintiff next argues that the position of "document preparer, microfilming" does not comply with the ALJ's RFC for "simple work" under either the DOT or under O*NET. [Doc. 14 at 12]. Plaintiff's argument, however, is immaterial as the ALJ did not rely on the job of "document preparer, microfilming" in finding that there were jobs available in the national economy that the Plaintiff could perform. [T. at 24-25]. The job of "document preparer, microfilming" was identified by the VE in reference to an alternative RFC limiting the hypothetical induvial to "sedentary work." [Id. at 86]. Instead, the ALJ ultimately concluded that the Plaintiff was limited to "light work" and with the Plaintiff's RFC the Plaintiff could perform the jobs of "inspector and hand packager," "small parts assembler," and "electronics worker." [Id. at 16,

16

24-25]. Therefore, as the ALJ did not rely on the job of "document preparer, microfilming" in making the disability determination, this assignment of error is overruled.

## VI. CONCLUSION

The Plaintiff's arguments for reversal of the ALJ's decision are all denied as without merit. The Court find that the ALJ did not err in relying on the VE's testimony to fulfill his "step five" burden.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 13] is **DENIED**, and that the Defendant's Motion for Summary Judgement [Doc. 15] is **GRANTED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C § 405(g), the decision of the Commissioner is **AFFIRMED** and the case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: September 2, 2020

Martin Reidinger
Chief United States District Judge